LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
This ease arose from a vehicular accident which occurred on August 18, 1992 in Avo-yelles Parish. Kirk Juneau was driving a pickup truck with a trailer attached when he collided with a car driven by Anna Guice. Plaintiffs, Juneau and his wife, sued Guice and her liability insurer, Louisiana Indemnity Insurance Company, appellants herein, for general damages, property damages, medical expenses, and damages for loss of consortium. After a bench trial, the trial judge assigned percentages of comparative fault (80% to Guice and 20% to Juneau) and awarded general damages of $7,500 and loss of consortium damages of $2,500. Property damages and medical expenses were awarded but are not at issue in this appeal.
The physical evidence of the accident reveals that the two vehicles were approaching each other, travelling in opposite directions, when each veered into the other’s lane. As they attempted to avoid each other, their passenger sides collided.
Juneau and Guice both testified at trial and gave contradictory and irreconcilable versions of the accident. Juneau’s description was that Guice was either in his lane or on the shoulder when she veered sharply to her right and hit the right rear corner of his truck, causing the trailer to come off. Juneau was in the process of moving from Lafayette to Cottonport and his personal possessions were thrown from the trailer and ruined. Guice testified that as she approached a curve, she saw Juneau’s trailer swinging behind his truck, well into her lane of travel. To avoid a collision, she went into Juneau’s lane, but skidded and hit him anyway.
The investigating officer issued no citations. However, he concluded that Juneau’s trailer may not have been properly and safely attached to the truck. He also indicated that the physical evidence seemed to support Guice’s statement that she took evasive action but could not avoid the collision. The trial judge found that Guice’s maneuvers, whether they were evasive or not, actually caused the accident when she abruptly attempted to steer back into her own lane of travel. He assessed comparative fault at 80% to Guice. The trial judge also found that Juneau was 20% at fault in causing the accident because he was too close to the center line and was proceeding with an unstable trailer.
The factual testimony presented by both sides was irreconcilable and, we think, equally plausible. In such a circumstance, we must abide by the rule of appellate review articulated in Martin v. East Jefferson General Hospital, 582 So.2d 1272 (La.1991), which states that where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.
The trial judge’s factual findings are entitled to great weight and will not be reversed on appeal in the absence of manifest error. We have reviewed the testimony presented herein and find opposing and contradictory versions of how this accident occurred. The trial judge, as the finder of fact, made a choice based on credibility determinations. We find no manifest error in his conclusions and affirm his assessment of comparative fault.
In addition to arguing that the percentages of fault were improperly assessed herein, the defendants/appellants also contend that the awards for general damages ($7,500) and loss of consortium ($2,500) were excessive. Juneau testified that immediately after the accident, he was taken to the hospital by ambulance. He was examined, x-rayed, given medication, and released. Two days later, he saw his family physician, Dr. Mayeux, who testified by deposition. Dr. Mayeux examined Juneau and diagnosed lumbar spasm. He recommended physical therapy and hot compresses and prescribed a muscle relaxant, a pain reliever, and an anti-inflammatory drug. Juneau returned two weeks later with signs of cervical spasm and residual tenderness in the back. Dr. Mayeux recommended continuing the medication and testified that Juneau should have completely recovered within eight to twelve weeks. Juneau himself testified that his symptoms subsided within three to four months.
*1271 Mrs. Juneau testified that she is a registered nurse and took care of her husband during his convalescence. She also had to complete their move, set up their household, start a new job, and care for their infant son without her husband’s assistance. She had to replace all of their personal belongings which were lost or ruined in the accident. During this time, their relationship was strained, and she felt very angry about the accident.
The general damage and loss of consortium awards granted herein are certainly generous, but are not an abuse of discretion. The standard of review applicable herein requires that we defer to the fact finder’s great discretion in reviewing damages and reverse only when an award is “beyond that which a reasonable trier of fact could assess for the effect of the particular injury to the particular plaintiff under the particular circumstances.” Youn v. Maritime Overseas Carp., 623 So.2d 1257, at 1261 (La.1993).
For the foregoing reasons, the judgment rendered in favor of Kirk Juneau and Lisa Juneau and against Anna Guice and Louisiana Indemnity Insurance Co. is affirmed, at appellants’ costs.
AFFIRMED.
WOODARD, J., dissents and will assign reasons.